MR. JUSTICE GULBRANDSON,
dissenting:
In my opinion, the majority has misconstrued the rulings and findings of the trial court in holding that it was error for the trial judge to consider the described waiver as a release of all claims to the marital property in the event of a dissolution of marriage. The pertinent portions of findings of fact No. 20 are as follows:
“. . .Wife stated to Husband and to Husband’s children that each *421 of the parties would maintain separate property. Wife also stated that she would never make a claim on Husband’s property and releases were signed to that effect and attached to the wills prepared by the parties . . .”
Nowhere in the findings of fact, conclusions of law and order did the trial judge indicate that he considered the signed release as a waiver of all claims in the event of a dissolution. It is obvious that he referred to the signed releases only after he found that the wife had stated to husband and his children that each party would maintain separate properties and that she would never make a claim on husband’s property. In findings of fact No. 23, the trial judge found:
“Due to the short duration of the marriage, the parties’ intention not to make a claim against the other’s property and the fact that the property of the marital estate was largely acquired prior to the marriage, it is equitable that each party’s property be returned to them.”
I do not disagree with the majority’s comments regarding Section 72-2-102, MCA, although they seem superfluous in light of the majority’s affirmance of the order that “each party’s property be returned to them.”
I do disagree, however, with the reversal of the order denying maintenance to the wife and the remand for clarification of wife’s current employability. The record discloses that wife has a substantial checking account, a vacant lot valued at $15,000, a residence valued at $90,000, automobile, and investment certificates valued at $31,000. There is substantial evidence in the record to support finding of fact No. 25.
Wife is not entitled to maintenance as the property distribution provides for her reasonable needs and she is able to obtain limited employment.
I would affirm.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE McDON-OUGH join in the forgoing dissent of MR. JUSTICE GULBRANDSON.